Angus Edwards, UT 4563
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.521.1234
Facsimile: 801.536.6111
Aedwards@parsonsbehle.com

Anthony F. Sullivan, UT 16169
PETROLEUM WHOLESALE, L.P.
8550 Technology Forest Place
The Woodlands, TX 77381
Telephone: (281)681-7604
asullivan@petroleumwholesale.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JEFFERY ANDERSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>PETROLEUM WHOLESALE, L.P., a Texas Limited Partnership, dba MAIN STREET MARKET,<br><br>                    Defendant. | **NOTICE OF REMOVAL**<br><br>Case No. 4:24-cv-3<br><br>Magistrate Judge |

    Defendant Petroleum Wholesale, L.P. dba Main Street Market, by and through counsel, hereby removes this action from the Fourth District, Millard County, Utah, to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows in support of this Notice of Removal:

4857-2410-0506.v1

1. Plaintiff Jeffery Anderson filed this action in the Fourth Judicial District Court in Millard County asserting a cause of action for negligence. Plaintiff's Complaint dated November 29, 2023, and his Second Amended Complaint dated December 22, 2023, are attached as **Exhibit A**.

2. As is more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. This Court has original jurisdiction of the state court action filed by Plaintiff, because the procedural requirements for removal are satisfied, as this is an action where Plaintiff is a citizen of a different state from Defendant and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

I.   **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

3. Defendant received notice that the Complaint was filed on December 8, 2024, when Defendant was served with the Complaint. The Summons received by Defendant is attached as **Exhibit B**. Therefore, this Notice of Removal is timely under 28 U.S.C. Section 1446(b).

4. In accordance with the Federal Rules of Civil Procedure copies of all executed process, pleadings, and orders served upon Defendant are attached as Exhibits A and B.

5. The United States District Court for the District of Utah, Central Division, embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 125(2) and 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, which reflects the style of the case exactly as it was styled in state court in the Complaint, is being served on

4857-2410-0506.v1

Plaintiff's counsel and a copy is contemporaneously being filed with the Clerk for the Fourth Judicial District Court for Millard County, Utah.

8. The appropriate filing fee has been tendered to the Clerk of the United States District Court for the District of Utah, Central Division.

9. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

10. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1453.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where the Plaintiff is a citizen of a state different from the Defendant and in which the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.   Complete Diversity of Citizenship Exists.

#### 1.   Plaintiff Is a Citizen Of Utah.

12. Plaintiff is a citizen of the State of Utah. An individual's citizenship in regard to diversity subject matter jurisdiction is the individual's domicile. *Wolf Mountain Resorts LC v. ASC Utah, Inc., American Skiing Co.*, No. 08-cv-191, 2008 WL 2838659, *1 (D. Utah July 21, 2008) ("an individual's state citizenship is equivalent to domicile.")

**2.     Defendant Is a Citizen Of a State Other Than Utah.**

13.    Defendant is a Texas limited partnership and none of its general and limited partners are citizens of Utah. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906-07 (10th Cir. 2015) (the citizenship of a limited partnership is the citizenship of all of its general and limited partners). A limited partnership has the citizenship of each of its partners, whether general or limited. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). Petroleum Wholesale, LP's General Partner is PWI GP L.L.C., which is a Texas limited liability company whose sole member/manager is John W. Cook, a resident of the State of Texas. Petroleum Wholesale, LP's Limited Partner is PWI Holdings L.L.P., a limited liability partnership, whose Managing Partner is John W. Cook, a resident of the State of Texas, and whose Non-Managing Partner is Marchita Cook, a resident of the State of Texas. Thus, Defendant Petroleum Wholesale, LP, is a citizen of the State of Texas.

**B.     The Amount in Controversy Requirement is Satisfied.**

14.    It is apparent from the allegations in the Complaint that the amount in controversy in this case substantially exceeds $75,000, exclusive of interest and costs. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (the amount alleged in the complaint alone is sufficient to satisfy showing that case satisfies jurisdictional requirement).

15.    The Complaint alleges that Plaintiff seeks to recover in excess of $300,000. *See* Exhibit A, Complaint at ¶ 3.

16.    Given the allegations contained in Plaintiff's Complaint, the amount in controversy is reasonably believed to exceed $75,000, exclusive of interest and costs.

WHEREFORE, Defendant respectfully removes this action from the Fourth Judicial District Court for Millard County, Utah, to the United States District Court for the District of

Utah, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument as to why removal is proper.

DATED January 8, 2024.

                                      PARSONS BEHLE & LATIMER

                                      /s/ *Angus Edwards*
                                      Angus Edwards
                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On this 8th day of January, 2024, I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF Systems that will send electronic notifications to counsel of records for all of the parties.

/s/ Angus Edwards
*Attorneys for Defendant*

4857-2410-0506.v1